**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4672**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KIMBERLY MICHAELS DIPADOVA,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:15-cr-00069-RLV-DCK-1)

Submitted:  August 29, 2017                          Decided:  September 13, 2017

Before TRAXLER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Michaels Dipadova pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (2012). The district court imposed a within-Guidelines sentence of 108 months' imprisonment. On appeal, Dipadova's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred when it sentenced Dipadova to 108 months' imprisonment without awarding her certain sentence reductions.[*] Dipadova filed a pro se supplemental brief, raising the same sentencing challenges and a prosecutorial misconduct claim. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first must ensure that the district court committed no significant procedural error, such as improper calculation of the Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *Id.* In considering challenges to the application of a specific Sentencing Guideline provision, we "review factual findings for

---

[*] Counsel notes that Dipadova's plea agreement contained an appeal waiver. The Government has not moved to enforce the waiver, and our review pursuant to *Anders* is not precluded. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

clear error and legal conclusions de novo." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014).

If we find no significant procedural error, we also must consider the substantive reasonableness of the sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011). We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Dipadova bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

On appeal, counsel first questions whether Dipadova should have received a reduction in her offense level for being a minor participant in the conspiracy. The Sentencing Guidelines provide graduated offense level reductions when a defendant plays a "mitigating role" in the charged offense. USSG § 3B1.2 (2015). If the defendant was a "minor participant," the court may reduce the total offense level by two. USSG § 3B1.2(b). In deciding whether the defendant played a minor role, the defendant is to be compared with the other participants "in the criminal activity." Thus, the culpability of the "average participant" is derived from those persons who actually participated in the criminal activity, rather than from "typical" offenders who commit similar crimes. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522-23 (9th Cir. 2016) (analyzing Amendment 794 and commentary). In this case, Dipadova stipulated that she mailed from California to North Carolina high-purity methamphetamine on several occasions. Thus, even though Dipadova did not act as a "kingpin" in the conspiracy, she was not substantially less culpable than

the other participants in the offense. The district court did not err when it did not apply the minor participant reduction to Dipadova's sentence.

Dipadova's counsel next questions the district court's decision not to apply the safety valve reduction to her money laundering conspiracy conviction. *See* U.S. Sentencing Guidelines Manual § 5C1.2 (2015). A defendant who meets the five criteria set out in USSG § 5C1.2 is entitled to a two-level reduction under USSG § 2D1.1(b)(17). In this case, the district court properly applied the reduction to Dipadova's drug conspiracy count. The statute defining the safety valve reduction limits its applicability to "an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963)." 18 U.S.C. § 3553(f) (2012). The money laundering statue, 18 U.S.C. § 1956, is not included in this list. The district court did not err in its application of the safety valve reduction.

Counsel also questions the Government's decision not to file a motion for a downward departure. The record shows that the Government did not decline to move for departure based on an unconstitutional motive or for a reason "not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 185-86 (1992). We conclude that Dipadova is not entitled to relief on this claim. Our review of the record leads us to conclude that the district court correctly calculated Dipadova's Guidelines range, reviewed the applicable sentencing factors, and provided a sufficient explanation for the sentence imposed and her sentence is free of procedural error. Substantively, Dipadova's sentence of 108 months fell within the range recommended by the Guidelines.

4

Based on the totality of the circumstances, her sentence is reasonable. *Louthian*, 756 F.3d at 306; *Gall*, 552 U.S. at 51

Dipadova also alleges in her supplemental pro se brief prosecutorial misconduct. Because Dipadova did not raise her prosecutorial misconduct claim in the district court, we review this issue for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). To prevail on her claim of prosecutorial misconduct, Dipadova must demonstrate both misconduct by the prosecutor and resulting prejudice. *United States v. Caro*, 597 F.3d 608, 624–25 (4th Cir. 2010). As our review of the record reveals neither, Dipadova's claim is meritless.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dipadova's conviction and sentence. This court requires that counsel inform Dipadova, in writing, of the right to petition the Supreme Court of the United States for further review. If Dipadova requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dipadova.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*